**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

ROGER KING,

      Plaintiff,

v.

ANGILEA HENRY; PHYLLIS ALLEN; DR. GARDNER; WARDEN DOUG WILLIAMS; and WARDEN STANLEY WILLIAMS,

      Defendants.

CIVIL ACTION NO.: 6:15-cv-17

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Having conducted the requisite frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, I **RECOMMEND** that Plaintiff's Complaint be **DISMISSED** and this case be **CLOSED**. It is also my **RECOMMENDATION** that Plaintiff's request for injunctive relief be **DENIED**. In addition, I **RECOMMEND** Plaintiff be **DENIED** *in forma pauperis* status on appeal.

STANDARD OF REVIEW

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A requires the Court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) & (2).

In conducting this initial review, the Court must ensure that a prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. Whether a complaint fails to state a claim under Section 1915(A) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Schreane v. Middlebrooks, 522 F. App'x 845, 846 (11th Cir. 2013); Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible where the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Id. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## PLAINTIFF'S ALLEGATIONS

Plaintiff asserts Defendants subjected him to cruel and unusual punishment by failing to schedule a follow-up appointment with a Hepatitis C specialist and to provide new treatment for his Hepatitis C infection. (Doc. 1, p. 5.) Following a liver biopsy on April 11, 2014, prison physician Dr. Alston informed Plaintiff new treatments would commence after a follow-up appointment with a Hepatitis C specialist. (Id.) According to Plaintiff, he never received a follow-up appointment or any new treatment. (Id.) Plaintiff claims Defendant Henry, deputy warden of care and treatment, ignored his letters requesting new treatment and Dr. Gardner, medical director, was unresponsive to his letters. (Id.) Plaintiff claims Defendants Williams, a warden at Smith State Prison,[1] and Defendant Allen, a medical administrator, denied his grievance requesting new treatment. (Id.) Plaintiff asserts Defendants' actions demonstrate their

---

[1] It is unclear whether Plaintiff is referring to Defendant Stanley Williams or Defendant Doug Williams when he alleges violations by "Defendant Williams." For purposes of this review, the Court will assume Plaintiff is referring to both Defendants.

3

deliberate indifference to his medical needs and therefore violated his Eighth Amendment right against cruel and unusual punishment. (Id.) Plaintiff also asserts the denial of his grievance by Defendants Williams and Allen violated his due process rights.[2] (Doc. 11, p. 1.)

DISCUSSION

Plaintiff's allegations implicate two theories of liability, and the undersigned addresses each of these theories in turn. The Court accepts Plaintiff's non-conclusory factual allegations as true, as it must at this stage.

**I.     Cruel and Unusual Punishment Claims**

Plaintiff's assertions that Defendants denied him treatment for Hepatitis C implicate the Eighth Amendment. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

---

[2] Plaintiff asserts that Defendants violated his Fourteenth Amendment rights, but he does not specify whether he is referring to his right to due process or his right to equal protection. (Doc. 11, p. 1.) Because Plaintiff has not alleged that Defendants treated any other similarly situated inmates differently than he has been treated, but claims that Defendants Williams and Allen denied his grievance request, the Court will construe this claim as a due process violation.

4

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

Plaintiff has established that he has a serious medical need. See Loeber v. Andem, 487 F. App'x 548, 549 (11th Cir. 2012) ("That Hepatitis C presents a serious medical need is undisputed.") (citing Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)). However, Plaintiff has not established that Defendants acted with deliberate indifference to his serious medical need. Though Plaintiff alleges Defendants Henry and Gardner ignored his letters requesting a follow-up appointment and new treatment, he has not alleged that Defendants actually knew of his condition or received these requests. Thus, Plaintiff's cruel and unusual punishment claims against Defendants Henry and Gardner should be **DISMISSED.**

Similarly, while Plaintiff properly alleged that Defendants Williams and Allen both knew of his serious medical condition and, arguably, disregarded that risk by denying his grievance request, he failed to establish that Defendants' actions amounted to "more than gross negligence." "An objectively insufficient response by public officials to a serious medical need must be poor enough to constitute an unnecessary and wanton infliction of pain." Loeber, 487 F. App'x at 449 (citing Estelle, 429 U.S. 97). When a prisoner suffers increased physical injury due to a delay in treatment, the court considers: (1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay. Goebert, 510 F.3d at 1328 (citing Hill, 40 F.3d at 1189). Plaintiff has presented no facts showing Defendants' denial of his grievance was wanton or that his condition worsened as a result of the delay in treatment. Cf. Goebert, 510 F.3d at 1312 (finding Defendant's actions more than grossly negligent when he answered pregnant pretrial detainee's complaint requesting medical treatment for persistent and worsening amniotic fluid leakage by informing Plaintiff she could seek and pay for an outside physician herself after detainee informed Defendant of prior miscarriages, jail doctor's recommendation that she see an obstetrician, and the jail medical staff's nonresponse to her severe and rapid fluid leakage). Furthermore, Plaintiff has not made any allegations regarding Defendants' reason for denying his request. Therefore, Plaintiff's cruel and unusual punishment claims against Defendants Williams and Allen should be **DISMISSED**.

## II.     Denial of Grievance

Plaintiff maintains Defendants Williams and Allen also violated his Fourteenth Amendment right to due process by denying his grievance requesting treatment. (Doc. 11, p. 1.) However, Plaintiff fails to set forth sufficient facts to establish a plausible due process violation.

The Eleventh Circuit has determined "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." Thomas v. Warner, 237 F. App'x 435, 437–38 (11th Cir. 2007) (agreeing with other circuits' decisions finding the same way and citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), and Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)). Here, Defendants accepted and reviewed his grievance, affording Plaintiff more process than he was due. Thus, Plaintiff's due process claims against Defendants Williams and Allen should be **DISMISSED**.

### III.   Official Capacity Claims

Plaintiff cannot sustain a Section 1983 claim against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as officers at a state penal institution, and, accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). To the extent plaintiff seeks to hold defendants liable in their official capacities, these claims should be **DISMISSED**.

## IV. Injunctive Relief Request

Plaintiff has sought injunctive relief from the Court. (Doc. 1, p. 6.) To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. Specifically, Plaintiff has not shown the likelihood of success on the merits of his claims. Plaintiff's request should be **DENIED**.

## V. Leave to Proceed *In Forma Pauperis* on Appeal

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . . may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]"). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is

---

[3] A Certificate of Appealability ("COA") is not required to file an appeal in a Section 1983 action. See Fed. R. App. P. 3 & 4; Morefield v. Smith, No. 607CV010, 2007 WL 1893677, at *1 (S.D. Ga. July 2, 2007) (citing Mathis v. Smith, No. 05-13123-A (11th Cir. Aug. 29, 2005) (unpublished)).

8

filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, Plaintiff's potential *in forma pauperis* status on appeal should be **DENIED**, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** and this case be **CLOSED**. It is also my **RECOMMENDATION** that Plaintiff's request for injunctive relief be **DENIED**. In addition, I **RECOMMEND** Plaintiff be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA