IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ROGER KING, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-17 |
| v. | |
| ANGILEA HENRY; PHYLLIS ALLEN; DR. GARDNER; WARDEN DOUG WILLIAMS; and WARDEN STANLEY WILLIAMS, | |
| Defendants. | |

## ORDER

Before the Court is the Magistrate Judge's November 12, 2015, Report and Recommendation, (doc. 14), and Plaintiff's Objections to the same, (docs. 20, 21). After an independent and *de novo* review of the entire record, and for the reasons set forth below, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's Objections and **ADOPTS IN PART** the Report and Recommendation. The Court **DISMISSES** Plaintiff's claims against Defendants Stanley Williams and Doug Williams, **DISMISSES** Plaintiff's due process claims, and **DISMISSES** Plaintiff's claims for monetary relief against Defendants in their official capacities. Plaintiff's request for a preliminary injunction and request for appointment of counsel are **DENIED**.

However, Plaintiff's claims that Defendants Angelia Henry, Phyllis Allen, and Dr. Gardner were deliberately indifferent to Plaintiff's medical needs will proceed. The Court **DIRECTS** the United States Marshal to serve these Defendants with a copy of Plaintiff's Complaint, (doc. 1), the Report and Recommendation, (doc. 14), Plaintiff's Objections,

(docs. 20, 21), and this Order. Additionally, the Court provides instructions to Plaintiff and the remaining Defendants, which the parties are urged to read and follow.

## BACKGROUND

Plaintiff's Complaint centers on allegations that he has been denied adequate medical treatment while incarcerated at Smith State Prison. (Doc. 1.) In the Report and Recommendation, the Magistrate Judge conducted the requisite frivolity review pursuant to 28 U.S.C. § 1915A and recommended that the Complaint be dismissed for failure to state a claim. (Doc. 14.) The Magistrate Judge assessed whether Plaintiff stated a cognizable claim that Defendants acted with deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. (Id. at pp. 4–6.) The Magistrate Judge determined that Plaintiff established a serious medical need by alleging that he has been diagnosed with Hepatitis C. (Id. at p. 5.) However, the Magistrate Judge concluded that Plaintiff had not alleged that Defendants Angelina Henry and Dr. Gardner actually knew of his condition or received his requests for follow up treatment. Id. As to Defendants Phyllis Allen, Doug Williams, and Stanley Williams, the Magistrate Judge concluded that there were no allegations supporting a finding that these Defendants acted with deliberate indifference. (Id. at p. 6.)

The Magistrate Judge also recommended dismissal of Plaintiff's claims that Defendants violated his due process rights by denying his grievances. (Id. at pp. 6–7.) Additionally, the Magistrate Judge concluded that Plaintiff could not state a claim against Defendants in their official capacities due to Eleventh Amendment immunity and traditional principles of state sovereignty. (Id. at p. 7.) Lastly, the Magistrate Judge recommended that the Court deny Plaintiff's request for preliminary injunctive relief. (Id. at p. 8–9.)

At Plaintiff's request, the Court granted him an extension of time to object to the Report and Recommendation. (Doc. 17.) He then filed Objections, (doc. 20), as well as a brief in support of his Objections, (doc. 21). Herein, the Court refers to these documents collectively as "Plaintiff's Objections."

## DISCUSSION

### I. Deliberate Indifference to Medical Needs Claims

In his Objections, Plaintiff provides additional information in support of his claims that Defendants were deliberately indifferent to his medical needs and that he will suffer harm if his medical needs are not met. (Doc. 21.) He alleges that he has not received any treatment for his Hepatitis C and that, if left untreated, his condition will cause liver damage and potentially cancer. (Id. at p. 3.) Plaintiff further details a series of medical requests that he has made and that Defendants Henry, Allen, and Gardner have rejected. (Id. at pp. 3–4.) Construing these allegations liberally and reading them in conjunction with those made in Plaintiff's Complaint, (doc. 1, p. 5), Plaintiff states a plausible claim that he has requested medical treatment from Defendants Henry, Allen, and Gardner, and those Defendants have disregarded those requests. Accordingly, Plaintiff's deliberate indifference to serious medical needs claims will proceed against Defendants Henry, Allen, and Gardner.

However, Plaintiff's claims against Defendant Stanley Williams, the former Warden of Smith State Prison, and Defendant Doug Williams, the current Warden, rely solely upon these Defendants' supervisory positions. For example, Plaintiff states that Defendant Stanley Williams "oversees the operations of [Smith State Prison]. He is in charge of all named Defendants." (Doc. 21, p. 7.) Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575

F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff does not plausibly allege that Defendants Stanley Williams and Doug Williams were on notice of a widespread problem or otherwise demonstrate that these supervisors were directly involved with the deprivation of his constitutional rights. While Plaintiff states that these Defendants were put on notice of his medical needs through the grievance process, this is not a sufficient basis for liability. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under Section 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005–06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions); Flowers v. Brown, No. CV 112-119, 2013 WL 633331, at *5 (S.D. Ga. Jan. 2, 2013) *report and recommendation adopted*, No. CV 112-119, 2013 WL 633330 (S.D. Ga. Feb. 20, 2013) ("Plaintiff does not satisfy his burden of putting a supervisor on

notice of a widespread problem or otherwise show that the supervisor was directly involved with Plaintiff's alleged claims simply by alleging that he filed a grievance.").

For these reasons, as well as those stated by the Magistrate Judge in the Report and Recommendation, the Court **DISMISSES** all claims against Defendants Stanley Williams and Doug Williams.

## II. Due Process Claims

Plaintiff did not object to the Magistrate Judge's recommendation that the Court dismiss his due process claims. Indeed, Plaintiff agreed to withdraw these claims. (Doc. 21, p. 6.) The Court agrees with the Magistrate Judge's recommendation on this point, and **DISMISSES** Plaintiff's due process claims.

## III. Official Capacity Claims

Plaintiff objected to the Magistrate Judge's recommendation that the Court dismiss all official capacity claims. (Id. at pp. 6–8.) However, his Objections do not address the well-established authority cited by the Magistrate Judge that state actors are immune from suit for monetary damages in their official capacities. (Doc. 14, p. 7.) Instead, Plaintiff cites standards for holding state actors liable in their individual capacities, as well as principles of Section 1983 municipal liability. (Doc. 21, pp. 6—8.) As the Magistrate Judge explained, the Eleventh Amendment and traditional principles of state sovereignty unquestionably preclude official capacity claims for monetary damages against Defendants. (Doc. 14, p. 7.) Consequently, the Court **DISMISSES** Plaintiff's claims for monetary damages against Defendants in their official capacities.

However, Plaintiff is not barred from seeking prospective injunctive relief against Defendants in their official capacities. Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir. 1995);

see also, McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001) ("The Young doctrine permits federal courts to entertain suits against state officers seeking prospective equitable relief to end continuing violations of federal law."); Bradley v. Hart, No. 5:13-cv-127, 2015 WL 1032926, at *4 (S.D. Ga. Mar. 9, 2015) ("To be clear, a 'state defendant[ ] sued in [his] official capacity for monetary damages under § 1983 [is] immune from suit under the Eleventh Amendment, [but he is] not immune from claims seeking prospective declaratory or injunctive relief.'") (quoting Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008)). In his Objections, Plaintiff makes clear that he is seeking such relief against Defendants. Accordingly, Plaintiff's injunctive relief claims against Defendants Henry, Allen, and Gardner in their official capacities will proceed.

## IV. Request for Preliminary Injunction

The Magistrate Judge recommended that Plaintiff not receive a preliminary injunction because he has not demonstrated that he is likely to succeed on the merits of his claims. Though Plaintiff objects to this recommendation, the Court agrees with the Magistrate Judge's assessment. Consequently, the Court **DENIES** Plaintiff' request for a preliminary injunction. This is not to say that Plaintiff will not be entitled to injunctive relief at a later date. However, at this stage, he has not carried the burden of persuasion to entitle him to the "extraordinary and drastic remedy" of a preliminary injunction. Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).

## V. Request for Appointment of Counsel

Plaintiff previously moved the Court to appoint counsel to assist him with this case, (doc. 3), and the Court denied that request, (doc. 4). In his Objections, Plaintiff once again asks that the Court appoint him counsel. (Doc. 21, p. 10.)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702

7

(11th Cir. 2013); McDaniels, 405 F. App'x at 457;; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. Thus, the Court **DENIES** Plaintiff's renewed request for appointment of counsel.

## CONCLUSION

In the manner and for the reasons set forth above, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation and **OVERRULES IN PART AND SUSTAINS IN PART** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's claims against Defendants Stanley Williams and Doug Williams, **DISMISSES** Plaintiff's due process claims, and **DISMISSES** Plaintiff's claims for monetary relief against Defendants in their official capacities. Plaintiff's request for a preliminary injunction and request for appointment of counsel are **DENIED**.

## REMAINING CLAIMS AND DEFENDANTS

Plaintiff's allegations arguably state colorable claims for relief against Defendants Henry, Allen, and Gardner for deliberate indifference to Plaintiff's serious medical needs. Accordingly, Plaintiff's claims for injunctive relief will proceed against these Defendants in their official capacities, and his claims for monetary damages will proceed against these Defendants in their individual capacities. The Court **DIRECTS** the United States Marshal to serve Defendants Henry, Allen, and Gardner with a copy of Plaintiff's Complaint, (doc. 1), the Report and Recommendation, (doc. 14), Plaintiff's Objections, (docs. 20, 21), and this Order.

Additionally, the Court provides the following instructions to Plaintiff and the remaining Defendants regarding the litigation of this case.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the

witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq.* The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the

pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by

reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 3rd day of February, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA