IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROGER KING,

    Plaintiff,

v.

ANGIELEA HENRY; PHYLLIS ALLEN; and
DR. GARDNER,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-17

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed a Motion for Appointment of Counsel seeking assistance in this case and a Motion for Emergency Injunction. (Doc. 34.) Upon review, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel. In addition, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Emergency Injunction **as moot at this time.**

### DISCUSSION

**I.    Motion for Appointment of Counsel**

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the

assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels, 405 F. App'x at 457; Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court. For these reasons, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel.

**II.     Motion for Emergency Injunction**

In his Motion and supporting Brief, Plaintiff contends he is entitled to immediate injunctive relief based on the prognosis of the Hepatitis C specialist, Dr. Gardner. Plaintiff asserts Dr. Gardner told him he has significant scarring on his liver because of Hepatitis C. (Doc. 34, p. 2.) In addition, Plaintiff states the physician's assistant at Smith State Prison informed him that his viral load was at one million, but since his treatment was discontinued in 2012, his viral load is at 6.5 million. (Id.) Plaintiff maintains he is in danger of further deterioration without any treatment for his chronic condition. (Doc. 35, p. 4.)

Defendants respond that, based on Dr. Gardner's examination and other physicians' recommendations, Plaintiff qualified to receive Harvoni for treatment of his Hepatitis C. Defendants state Plaintiff received his first dosage of Harvoni on May 23, 2016, and will receive Harvoni daily for the next twelve weeks, provided he can tolerate this medication. (Doc. 36, p. 2.) In support of their contentions, Defendants have attached relevant portions of Plaintiff's medical records.

To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). An "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

Based on Defendants' representations and Plaintiff's lack of opposition thereto, I **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion for Emergency Injunction at this time. Plaintiff is receiving treatment for his Hepatitis C and will continue to do so for the foreseeable future. Thus, it does not appear that a restraining order or injunction is necessary to prevent irreparable injury.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Counsel. Additionally, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Preliminary Injunction **as moot**.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the parties' pleadings must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 16th day of June, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA